ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV17-2034

**Sean Sullivan**

Plaintiff,

– against –

**The State of New York, the New York State Unified Court System, Office of Court Administration, Hon. Janet DiFiore,** Chief Judge of the Courts of New York State**, Hon. Lawrence K. Marks,** Chief Administrative Judge of the Courts of New York State,

Defendants.

**COMPLAINT**

Civil Action No.:

VITALIANO, J.

MANN. M.J.

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ APR 0 3 2017 ★
BROOKLYN OFFICE

The Plaintiff respectfully alleges:

## I.    Introduction

1.    That this is a civil rights action seeking declaratory and injunctive relief pursuant to Section 1983 of the U.S. Code due to violations of the Plaintiff's rights under both the Due Process and Equal Protection Clauses of the United States Constitution.  More specifically, the requirements imposed by New York State Courts mandating that the service of process for pleadings in matrimonial and family court actions be completed by a non-party to a lawsuit, and be evidenced by an affidavit of service completed by such person (namely, the "Process Service Requirements"), have prejudiced the Plaintiff's interests in causes of action affecting his most basic rights as a United States citizen.  As stated fully below, the Plaintiff, who is currently destitute and homeless, has faced unnecessary obstacles in the adjudication of

1

matrimonial and family court actions to which he is a party because of New York State's

Process Service Requirements.   Because of the requirement, pursuant to Section 306(d) of the

New York Civil Practice Law and Rules, that a litigant must have an adult other than a party to

an action submit a notarized affidavit of service in order for a court to consider his pleadings, a

poor litigant such as the Plaintiff must either hire a New York state licensed process server, or

find some other adult to complete service and submit affidavits of service on an ongoing basis

in his or her litigation for free.[1]   These requirements in New York State Courts exceed those

regarding service of process by litigants in federal courts, and in exacting greater requirements

for service of process than federal courts require, New York State's courts perversely

undermine the Due Process and Equal Protection rights of indigent litigants in New York

State, in effect denying such litigants genuine access to its courts.

      2.     That, under New York Civil Practice Law and Rules, Section 2103, pleadings in

an action in a New York state court "may be served by any person not a party of the age of

eighteen years or over," and that court clerks at the New York State Supreme Court and Family

Court are instructed to, and tend to as a matter of course, reject any pleadings in a New York

State court when a litigant has not complied with Section 2103 even if he or she has effectuated

service to the opposing party on his or her own accord; and  that, even if the opposing party is

provided sufficient notice by the delivery of papers in a proceeding, the absence of a notarized

affidavit of service submitted by a non-party to the action pursuant to Section 306(d) of New

York Civil Practice Law and Rules may prevent that pleading from being considered by a court

or a Judge's chambers.

---

[1] New York Domestic Relations Law, Section 232, codifies this requirement for matrimonial actions.  Part 205.7 and 205.11 of the Uniform Rules for New York State Trial Courts largely implements New York State's Process Service Requirements in New York State Family Court.

3.    That the Plaintiff has been a party to a matrimonial action, a child support action, and supplemental proceedings, in New York State's Supreme Court and Family Court over the past six years.  The Plaintiff has been forced to incur needless costs that he could not afford to effectuate service of process under New York State law, has had little choice but to forego the filing of pleadings in these actions at times over the past five years because of his inability to pay a process server for the service of process, and have had pleadings rejected in these actions over that same period of time because he could not afford to hire a process server to serve his pleadings.  On some occasions, the Plaintiff has sought the assistance of County Sheriffs to effectuate process service on his behalf, particularly following the issuance of a questionable default judgment of divorce against him in June 2013, but this path to service of process for poor litigants has turned out to be unreliable and unduly time consuming (as well as questionable in light of relevant local law).  As a result, the Plaintiff is seeking declaratory and injunctive relief regarding New York State's unconstitutional process service requirements, an award of costs and such other and further relief as the court deems just and proper.

II.    **Parties**

4.  Sean Sullivan, the Plaintiff, is an unemployed attorney residing within the jurisdiction of this Court.

5.  Defendant, the State of New York, is one of fifty States of the United States of America and is responsible for the activities of the New York State Unified Court System.

6.  Defendant, Hon. Janet DiFiore, is the Chief Judge of New York State's Courts and the New York Court of Appeals, responsible for the administration of New York State's courts.

3

7.  Defendant, Hon. Lawrence K. Marks, is the Chief Administrative Judge of New York State, appointed by the Chief Judge to enforce the rules and regulations of New York State's courts.

8.  Defendant, New York State Unified Court System, Office of Court Administration, located at 25 Beaver Street, New York, New York, is the entity that governs and administers the state courts of New York, and is, in effect, run by Judge DiFiore and Judge Marks.  According to the New York State Unified Court System's website, the Chief Judge "establishes statewide standards and administrative policies after consulting with the Administrative Board of the Courts and approval by the Court of Appeals."  This website further notes that "the Chief Administrative Judge oversees the day-to-day operation of the Statewide court system."

### III.    Basis of Jurisdiction

9.  This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331 and 1343.

10.  This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of the Plaintiffs' rights under the Fifth and Fourteenth Amendments of the United States Constitution. Furthermore, this Court has the power to issue the declaratory judgment sought herein pursuant to 28 U.S.C. §§ 2201 and 2202.  The State-based entities are subject to suit in this Court for declaratory and injunctive relief pursuant to, among other reasons, Supreme Court of Virginia v. Consumers Union, 446 U.S. 719 (1980).

4

11.  Venue is proper pursuant to 28 U.S.C. §1391(b) in that the offices of the Defendant, New York State Unified Court System, Office of Court Administration, the entity managed by both Defendants Judge DiFiore and Judge Marks, is based in this district.

IV.  **Facts**

12.  That, in October 2016, the Plaintiff submitted by regular mail an order to Show Cause to the "Matrimonial Clerk's Office" of the Supreme Court of New York State, Kings County, seeking additional clarity and other relief with respect to a judgment of divorce issued in default that "suspended" the Plaintiff's child visitation rights and granted his then-wife sole and exclusive custody of their daughter.  The Plaintiff's pleading was "rejected" by the Kings County Matrimonial Clerk's office, a clerk of this office delivering by mail to the Plaintiff a "Motion Filings Guideline" handout dated October 11, 2016 indicating by check mark that, among other supposed infirmities, the pleading lacked "Proper service pursuant to CPLR 2214 in the form of an affidavit, affirmation or admission of service. (Also CPLR 306 + CPLR 2103.)." In effect, the Matrimonial Clerk's Office enforced a policy of the Supreme Court of the State of New York of refusing to bring to a judge a pleading of the Plaintiff, a litigant already granted "poor person relief" by the court, simply because the pleading was mailed directly to the opposing party, as opposed to being served by a commercial process server or another person who would agree to accomplish such service, and submit a notarized affidavit of service, without compensation.

5

13.    That this rejection of the Plaintiff's pleading in a post-judgment action was the latest of a series of impediments to the Plaintiff's Due Process rights in New York State Courts resulting from its Process Service Requirements.  Six years ago, the Plaintiff's then-wife filed a petition, dated March 30, 2011, with the Family Court of the State of New York, County of Kings (the "Family Court"), requesting an order of support directing the Plaintiff to make child support payments for the benefit of his daughter, then three years of age, residing with her in Brooklyn, New York.  The Plaintiff was separated from his wife at the time and was already providing her with monthly financial payments, as well as additional assistance in-kind, to assist her in the rearing of their child.  At the time of the petition, the Plaintiff was not a resident of New York State, but was compelled to further his rights as a litigant while not residing in the forum state of the action.  Because he regarded the petition filed against him in New York court unwarranted, the Plaintiff had to expend his dwindling savings to pay process servers operating in New York State to effectuate process of his pleadings before the Family Court, and that such expenditures exceeded approximately $35 per service, depending on the document served.  Even with these expenditures, the Plaintiff was frustrated in his attempts to get the Family Court to hold proper hearings or make rulings on the merits because of the costs of filing all the necessary pleadings and pay process server fees at the same time.

12.    That, after a default judgment in or around October 2011 and other rulings by Family Court judges to his detriment throughout the next year, the Plaintiff sought to vacate the court orders and appeal certain rulings by the Family Court, and hired process servers in New York over the Spring of 2012.  Certain of the Plaintiff's pleadings were returned to him, or rejected, by the Family Court and/or applicable appellate New York state court later in 2013 because they were mailed directly to the opposing party because the Plaintiff could no longer afford to

continue to pay process servers for their services, and the Plaintiff was consequently denied Due Process on one or more occasions in the adjudication of legal arguments in these proceedings. These Due Process violations extend beyond the Plaintiff as the courts of the State of New York has a policy of imposing unconstitutional service of process requirements on poor litigants generally in matrimonial and family court actions.

13. That the Plaintiff's then-wife commenced an action for divorce with a Summons with Notice, dated August 4, 2011, in the New York State Supreme Court, Kings County. That the Plaintiff later filed with the New York State Supreme Court and had served on his then-wife an Order to Show Cause for Temporary Relief, dated, March 13, 2013, which was served free-of-charge by a family member, seeking spousal maintenance payments and otherwise challenging her divorce petition. The Plaintiff's then-wife filed opposing pleadings and was later granted a default judgment of divorce by a New York State court judge in the summer of 2013 because the Plaintiff presumably did not attend an initial preliminary conference session scheduled by that court without the Plaintiff's input. At a court hearing before the issuance of the default judgment, the court adjudicating the divorce refused to allow the Plaintiff to make an oral motion in open court when all the parties were present, and the Plaintiff could not afford to hire a process server to deliver his pleadings to the opposing party in accordance with New York State law and judicial procedure. Because of the Plaintiff's financial inability to have his pleadings served, the Plaintiff was denied due process in the adjudication of his claims in this matrimonial proceeding on discrete occasions from 2013 to the present.

14. That, because of the matrimonial default judgment issued in or around September 2013, which granted the Plaintiff's then-wife, sole custody of the Plaintiff's daughter, without any adversary hearings including testimony, evidence or cross examination, and which

7

"suspended" any visitation rights with his daughter that the Plaintiff had under applicable law, without providing for any mechanism for the relief of such suspension in accordance with Due Process principles, the Plaintiff was compelled to seek vacatur of such judgments and rulings and/or to appeal such judgment and rulings. Being destitute, the Plaintiff did not have the financial resources to hire a process server and that the Plaintiff thereby sought the aid of the Kings County Sheriff office in effectuating process, but the Sheriff's office is specifically empowered to serve only certain types of legal pleadings under certain specific circumstances without compensation from a litigant, and thereby the Sheriff's Office could not serve as a solution to the Plaintiff's ongoing process service needs in his matrimonial and Family Court actions.

15. That the Plaintiff's Due Process rights will continue to be thwarted so longs as he is forced to abide by the Process Service Requirements of New York State courts in these matrimonial and family court proceedings, which have yet to be concluded on the merits but principally by default rulings, and that the matrimonial and family court actions of which the Plaintiff is a party will not constitute actions that satisfy the procedural Due Process requirements of the U.S. Constitution so long as the Plaintiff remains destitute and is compelled to satisfy the Process Service Requirements of the courts of New York State, in addition to having the effect of thwarting the Due Process rights of his nine-year old daughter, whose "best interests' will continue to be undermined so long as the court actions referred to above are not properly adjudicated.

16. That there has been a unquestionable crisis over the years with respect to the process service industry in New York State, according to the New York City Bar Association, and that it is unclear whether the process service requirements in New York state actually serve the due

process rights of many litigants in New York state courts, as process servers have been found to abuse the process by filing false affidavits in courts and engaging in other opportunistic behavior. Litigants in matrimonial and family court proceedings, on the other hand, are the least likely to file false affidavits of service as these proceedings implicate the core of their lives in society, to which they are easily held accountable by the courts. It may be argued that the Process Service Requirements of the New York State Courts primarily serve to support a dysfunctional process server industry known for "sewer service" tactics, undermining the due process rights of ordinary New Yorkers finding themselves litigants in New York State Courts. Regardless of the advisability of New York State's process service requirements in commercial contract and other types of causes of actions, such requirements serve as an unconstitutional barrier to the Due Process rights of indigent *pro se* litigants, such as the Plaintiff, in matrimonial and family court actions.

17. That the Chief Administrative Judge recently authorized expanded electronic filing of court pleadings in the New York State Supreme Court, Civil Branch, making e-filing mandatory for many types of civil actions, but available only by mutual consent in a matrimonial action (courts in Kings County, by the way, do not appear to offer this mutual consent option). This order is transformative of the legal procedures applicable to the filing of court pleadings in New York State Supreme Court, in essence making the court itself a "virtual process server" on behalf of all litigants using the e-filing system, potentially making the Due Process barriers faced by poor litigants in matrimonial and family law actions obsolete.

18. That this new court pleading service system is governed by the Uniform Rules of the NYS Unified Court System, which are issued by the Chief Judge of the New York State courts. According to an Administrative Order, dated August 31, 2015, of the Chief Administrative Judge

of New York State courts, "Where parties to an action have consented to e-filing, a party causes service of an interlocutory document to be made upon another party participating in e-filing by filing the document electronically. Upon receipt of an interlocutory document, the NYSCEF site shall automatically transmit electronic notification to all e-mail service addresses in such action . . . the electronic transmission of the notification shall constitute service of the document on the e-mail service addresses identified therein." As a result, those litigants granted the right to use this system in prosecuting their causes of action are freed of the cost, time and expense of New York State's traditional process service laws and rules. There is no clearer example of the unique powers of New York State's chief administrative judges in enforcing the process service laws of New York State

19. That, the Plaintiff had previously filed a similar cause of action to this one in the United States District Court, Southern District of New York, and that complaint was dismissed by the District Court in June 2016 for failure to state a claim in that the Complaint failed to identify "when or how his access to courts was denied" and was apparently dismissed on appeal earlier this year in an order that did not involve the merits of the complaint. Subsequent to the commencement of that action, the Plaintiff's pleadings was rejected by the matrimonial clerks in Kings County as described above, constituting a new injury-in-fact of the Plaintiff, and serving as a basis for standing and the assertion of a legal injury in this new cause of action.

## V.    Statement of Claims

### AS AND FOR A FIRST CAUSE OF ACTION FOR THE VIOLATION OF 42 U.S.C. § 1983 DUE TO THE VIOLATION OF DUE PROCESS AND EQUAL PROTECTION RIGHTS UNDER THE UNITED STATES CONSTITUTION

20.    That Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 to 19 above with the same force and effect as if more fully set forth at length herein.

21.   That Judge DiFiore and Judge Marks are charged with the administration of the New York State Unified Court System, and is responsible for the enactment and enforcement of the policies and procedures of their courts.  And that, in doing their jobs, the clerks of New York State courts follow the policies and procedures of the New York State Unified Court System, as well as applicable New York law, when such clerks refuse to accept pleadings that are not served on the opposing party by an adult who is not a party to the cause of action, and when they require that pleadings be submitted with an affidavit of service the form of which is created by the New York State Unified Court System, these clerks, at the same time, seeming not to have a mechanism to initiate an adversary hearing regarding service of process when an indigent litigant effectuates service on his own accord, not using a process server or a non-party adult who completes an affidavit of service.

22.    That, in enforcing these policies and procedures of the New York State Unified Court System, certain of the clerks of New York State courts have denied and flouted the Due Process rights of the Plaintiff under the U.S. Constitution and the due process rights of other *pro*

*se* litigants who cannot afford to pay process servers to serve legal pleadings, particularly by

rejecting the Plaintiff's pleadings in October 2016, in effect denying poor litigants like the

Plaintiff true access to the courts.  In determining their marital status, their legal relationship to

their children, and the financial support required of them as non-custodial parents, certain poor

litigants have no other choice but to seek recourse to New York's State Courts in vindicating

their rights.  And New York State Courts fail to offer reasonable alternatives to poor litigants

who wish to have their pleadings considered but cannot afford to comply with their unnecessary

Process Service Requirements.

23.  That the Defendants, Office of Court Administration of the New York State Unified

Court System, Judge DiFiore and Judge Marks, acting under color of state law, in their official

capacities and within the scope of their employment, are responsible for the administration of

New York State's courts, in ensuring that the policy of not accepting court pleadings from

litigants who do not provide the form affidavit of service requiring a non-party to serve legal

pleadings is enforced, in violation of the Plaintiff's Fifth and Fourteenth Amendment rights under

the United States Constitution.

24.  Further that it was the policy and/or custom of New York State and the New York

State Unified Court System, a governmental entity, to deny the Due Process rights of *pro se* and

poor litigants in matrimonial and family court actions who were unable to procure a non-party to

serve their legal pleadings.  And that, in addition to the applicable New York State laws cited

herein, this policy and custom are evidenced by the written guidance provided by the clerks of

the various New York State courts at their desks and on their websites to court litigants that a

non-litigant must serve all legal proceedings in their courts, and in their form affidavits of service

that require the signature of a non-party to the action and notarization by a state-licensed notary.

12

25. That the Defendants are not entitled to either absolute or qualified immunity because, among other reasons, the Due Process and Equal Protection rights described herein were clearly established at the time of the conduct complained of and the Defendants' actions were not objectively reasonable in light of federal Due Process and Equal Protection case law.

26. As a direct and proximate result of the unconstitutional acts referred to above, the Plaintiff has suffered injury and suffers ongoing harm by the deprivation of his constitutional rights.

## AS AND FOR A SECOND CAUSE OF ACTION FOR THE VIOLATION OF 42 U.S.C. § 1983 DUE TO THE LACK OF PROCEDURAL DUE PROCESS PROTECTIONS UNDER THE UNITED STATES CONSTITUTION

27.    That Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 to 26 above with the same force and effect as if more fully set forth at length herein.

28. That Judge DiFiore and Judge Marks have not developed sufficient policies and procedures to ensure that the legal pleadings of poor litigants are not ignored by New York State's courts when they are filed without an affidavit or service or are served by a party to the action. And that, the Defendants, in not issuing adequate policies and procedures to ensure that the Due Process rights of poor litigants in matrimonial and family court matters are not flouted when such litigants are unable to hire a process server or have a non-party complete an affidavit of service on their behalf when they have viable legal proceedings to submit to a New York state court, are liable for the constitutional violations of the Plaintiff alleged herein as they are obliged

to promulgate policies and procedures that respects the individual rights of New York State citizens set out in the U.S. Constitution.

29.  That the Plaintiff's Due Process rights have been repeatedly flouted by clerks of New York state courts because they lacked policies and procedures to process certain of his legal pleadings without the concurrent filing of a completed form of affidavit of service, and so legal briefs, petitions and other types of pleadings of the Plaintiff have been rejected or turned away by clerks of New York state courts, most recently in October 2016, as described above.  And that the Plaintiff has sufficient cause to believe that future court filings in the matrimonial and family court matters referred to herein may not be given the procedural Due Process required under the U.S. Constitution, in effect denying him genuine access to the courts, so long as the New York State Unified Court System continues to enforce its current policy regarding the service of process in such actions, and not set out procedures for poor litigants to have their pleadings accepted by its courts without its current onerous Process Service Requirements.

30.  Further, that it is the policy and/or custom of New York State and the New York State Unified Court System, a governmental entity, to deny the procedural Due Process rights of *pro se* and poor litigants in matrimonial and family court actions as described above.  And that, in addition to the applicable New York State laws cited herein, this policy and custom are evidenced, among other ways, by the written guidance provided by the clerks of the various New York state courts at their desks and on their websites to court litigants that a non-litigant must serve all legal proceedings in their courts, and in their form affidavits of service that require the signature of a non-party to the action and notarization by a state-licensed notary.

31.   That the Defendants, Office of Court Administration of the New York State Unified Court System, Judge DiFiore and Judge Marks, acting under color of state law, in their official capacities and within the scope of their employment, are responsible for the administration, and policies and procedures, of New York State's courts.

32.   That the Defendants are not entitled to either absolute or qualified immunity because, among other reasons, the procedural Due Process rights described herein were clearly established at the time of the conduct complained of and the Defendants' actions were not objectively reasonable in light of federal Due Process case law.

33.   As a direct and proximate result of the unconstitutional acts referred to above, the Plaintiff has suffered injury and suffers ongoing harm by the deprivation of his constitutional rights.

## AS AND FOR A THIRD CAUSE OF ACTION FOR THE VIOLATION OF 42 U.S.C. § 1983 DUE TO THE VIOLATION OF EQUAL PROTECTION UNDER THE LAWS PURSUANT TO THE UNITED STATES CONSTITUTION

34.       That Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 to 33 above with the same force and effect as if more fully set forth at length herein.

35.   That Judge DiFiore and Judge Marks have furthered the creation of an e-filing system for certain types of causes of action in New York State Courts, most notably business litigants with ample resources and litigating in the Commercial Division of New York State

Courts. However, litigants in matrimonial and family court action are generally denied recourse to the e-filing system, a court-administered system that could potentially alleviate the Due Process concerns of the Process Service Requirements in New York State Courts for poor litigants.

36. That, the Defendants have focused the e-filing system on litigation involving litigants of considerable means and have thereby discriminated against poor litigants who would benefit most from the cost reductions of not having to serve pleadings in accordance with the Process Service Requirements. In effect, the Defendants have failed to protect the interests of poor litigants by not developing e-filing access for poor litigants in matrimonial and family court actions at the same time that it was developed for well-funded litigants who can afford expensive lawyers and significant litigation expenses. The Defendants could have prioritized e-filing access for poor litigants or provided some other form of technical relief for poor litigants who cannot bear the costs associated with Process Service Requirements, but the Defendants chose not to do so, and focused on e-filing for commercial litigants. As a result, the Defendants have discriminated against poor litigants like the Plaintiff in New York State Courts in violation of the Equal Protection clause by their development of the e-filing system in New York State Courts.

37. That the Defendants are not entitled to either absolute or qualified immunity because, among other reasons, the Equal Protection rights described herein were clearly established at the time of the conduct complained of and the Defendants' actions were not objectively reasonable in light of U.S. Constitutional principles.

38. As a direct and proximate result of the unconstitutional acts referred to above, the Plaintiff has suffered injury and suffers ongoing harm by the deprivation of his constitutional rights.

## VI. Relief Sought

**WHEREFORE**, the Plaintiff respectfully requests that this Court:

1. Declare that the Defendants' conduct alleged herein, as well as the laws, rules, and policies and procedures described, violate the Fifth and Fourteenth Amendments to the Constitution of the United States in the manner alleged herein, upon the evidence adduced at trial or otherwise;

2. Certify to the Attorney General of the State of New York under 28 U.S.C §2403(b) that the case presents the constitutionality in question of Sections 306(d) and 2103 of the New York Civil Practice Law and Rules;

3. Declare that the Process Service Requirements are unconstitutional with respect to matrimonial and family court actions of poor litigants pursuant to the Fifth and Fourteenth Amendments of the United States Constitution, and order the Defendants to enact policies and procedures consistent with the protection of the procedural Due Process rights of poor litigants complained of and described herein;

4.    Enjoin the Defendants and their agents, employees, successors, and all others acting in concert with them, from enforcing the Process Service Requirements in the matrimonial and family court actions of the Plaintiff in New York State's courts;

5.    Award the Plaintiff reasonable costs as authorized under 42 U.S.C. § 1988; and

6. Grant such other further and different relief as the Court deems just and proper.

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this 31st day of March, 2017.

Signature of Plaintiff

Sean Sullivan
390 Ninth Avenue
New York, New York 10001
Sulliv_sean@yahoo.com
(929) 252-0532

18

March 31, 2017

Pro Se office
United States District Court,
    Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ APR - 3 2017 ★
BROOKLYN OFFICE

Enclosed please find a legal complaint,
an original and copy, to be filed with this Court
along with an in forma pauperis application.
    Thank you.

Sean Sullivan